**CGFD26** (12/20/11)



**ORDERED in the Southern District of Florida on June 23, 2014**

**A. Jay Cristol**
United States Bankruptcy Judge

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

**Case Number: 14–15134–AJC**

**Chapter: 13**

**In re:** *(Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade)*

Erlinda Francisco
aka Erlinda Labide Francisco, aka Erlinda L Francisco
1005 NE 91 Terr
Miami, FL 33138

SSN: xxx–xx–8750

## ORDER CONFIRMING CHAPTER 13 PLAN

    This cause came before the court on 6/17/2014 for confirmation of the debtor's proposed Second Amended chapter 13 plan pursuant to Local Rule 3015–3(B)(2). Based on the record, including the debtor's "Certificate of Compliance and Request for Confirmation on Chapter 13 Plan", it is

**ORDERED** as follows:

1. The debtor's chapter 13 plan (the "Plan") meets with the provisions of 11 U.S.C. § 1325 and, if applicable, § 521 and 1308, and is, therefore, confirmed in accordance with its terms.

*Page 1 of 3*

2.  Any claim entitled to priority under 11 U.S.C. § 507 shall be paid in full, in periodic installments, in the order of priority prescribed by the Bankruptcy Code over the period of the Plan as required by 11 U.S.C. § 1322(a)(2), with postpetition interest as required by 11 U.S.C. § 506(b) payable on the secured portion of the claim.

3.  The debtor's first monthly payment to the Trustee under the Plan was required to commence not later than 30 days following March 4, 2014, the date the petition was filed, or within 30 days from the date of conversion to chapter 13. The Trustee shall begin disbursement to creditors pursuant to the Plan as soon as practicable upon entry of this order.

4.  If the Plan does not provide for payments to a secured creditor, such creditor is granted in rem stay relief to pursue available state court remedies against any property of the debtor which secures the creditor's claim.

5.  Any executory contract or unexpired lease of the debtor which has not been assumed pursuant to court order prior to entry of this order, or which is not assumed in the Plan confirmed by this order, is deemed rejected upon entry of this order.

6.  If the confirmed plan in this case provides for payment to holder(s) of tax certificates on property of the debtor, the following provisions shall apply:

    A.  To ensure that the records of the County Tax Collector credit amounts received by certificate holders, upon receipt of information pursuant to subparagraph B below, the Tax Collector is ordered to adjust the County tax records and reduce both the amount owed on tax certificates and the amount of the tax lien to reflect payments made by the Chapter 13 Trustee to certificate holders under the confirmed plan.

    B.  The Tax Collector shall be served with any order entered post–confirmation which (a) dismisses or converts this case; (b) grants stay relief to the holder of a secured claim on the property subject to the tax certificates; (c) approves a sale or refinancing of the property subject to the tax certificates; (d) modifies the plan to eliminate further payments to one or more certificate holders; or (e) discharges the debtor upon completion of the plan. Upon receipt of any such order, the Tax Collector shall request a ledger from the Chapter 13 Trustee reflecting the amounts paid to certificate holders under the confirmed plan, or obtain the ledger information by accessing the Chapter 13 Trustee's website.

    C.  During the period in which the certificate holders are receiving payments under the confirmed plan, unless otherwise ordered, the Tax Collector is enjoined from accepting a redemption payment for any certificate which is included in the plan. This injunction will dissolve without further order of the Court if (a) one of the orders described in subparagraph B is entered; and (b) the County has complied with the requirements in subparagraph A by reducing both the amount owed on any certificate paid or partially paid under the plan and the amount of the tax lien by the amount paid to the certificate holder as reflected in the Chapter 13 Trustee's ledger.

7.  Pursuant to Local Rule 3070–1(C)(2), if the debtor fails to timely make any Plan payment to the Trustee, the Trustee may serve a "Notice of Delinquency" upon the debtor and the debtor's attorney. The debtor shall have 45 days from the date of the "Notice of Delinquency" to make all payments due under the Plan, including any payments that become due within the 45–day period. If the debtor is seeking to cure the delinquency in a modified plan the debtor must file a motion to modify the confirmed plan within 14 days of the date of the "Notice of Delinquency". If the debtor is not current with plan payments on the 45th day after the date of the "Notice of Delinquency", the Trustee shall file and serve a report of non–compliance and the case will be dismissed without further notice or hearing. Dismissal shall be with prejudice to the debtor filing any new bankruptcy case in any federal bankruptcy court in the United States for a period of 180 days from entry of the order of dismissal. The court will not extend these deadlines absent extraordinary circumstances.

*Page 2 of 3*

8.  To the extent the Plan sought a determination of valuation pursuant to Bankruptcy Rule 3012, and no objections were filed or any objections were resolved, the terms of the Plan will be binding upon the affected secured creditors, and any allowed proof of claim will be secured only to the extent of the value as provided for in the Plan and unsecured as to the balance of the claim.

The clerk shall serve a copy of this order on all parties of record.

*# # #*

*Page 3 of 3*